```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Frederick Poisson and Virginia
Poisson

    v.                                          Civil No. 13-cv-211-JL

Wells Fargo Bank, N.A.


**SUMMARY ORDER**

    In their response to defendant Wells Fargo Bank, N.A.'s motion to dismiss, the plaintiffs have made clear that their claim to relief rests entirely on the theory that they entered into a contract with Wells Fargo to short-sell their property, and that Wells Fargo breached that agreement--and the covenant of good faith inherent in it--when it proceeded with foreclosure anyway.  The plaintiffs' theory of contract formation runs as follows:  they "made an offer when they promised to sell the [property] and give all the proceeds to the bank."  Pls.' Memo. in Supp. of Obj. to Mot. to Dismiss (document no. 7-1) at 4. Wells Fargo engaged their offer by "mail[ing] Plaintiffs a letter telling them they may qualify for a short sale."  Id.  That letter stated, among other things, that if Wells Fargo approved their application for a short sale, the plaintiffs could "then list [their] property (like any other home sale) with a local real estate broker."  Id. at 5 (quoting letter) (emphasis omitted).  When, after the plaintiffs submitted their

application, Wells Fargo "requested the listing agreement of the property on two separate occasions," it thus "accepted Plaintiff's [*sic*] offer," because if it had not intended to do so, "it would have had no reason to request the listing agreement." Id.

The court accepts, strictly for present purposes, the plaintiffs' contention that they made an "offer" supported by "consideration" to Wells Fargo, as those terms have been defined by New Hampshire common law, and that the terms of that offer were sufficiently definite. The court also assumes, as the plaintiffs do, that Wells Fargo's letter in response to their "offer" did not itself operate as an acceptance, rejection, or counter-offer, but was merely an expression of Wells Fargo's willingness to consider the "offer" once the plaintiffs furnished Wells Fargo with further information. Accepting all of that, it is still difficult to conclude that Wells Fargo manifested its intent to accept the plaintiffs' "offer" simply by requesting the listing agreement.

"Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." Restatement (Second) of Contracts § 50(1) (1981); see, e.g., Panto v. Moore Bus. Forms, Inc., 130 N.H. 730, 735 (1988). An offeree may manifest assent through its conduct--as

the plaintiffs maintain Wells Fargo did--but "[t]he conduct of a party is not effective as a manifestation of his assent unless he . . . knows or has reason to know that the other party may infer from his conduct that he assents." Restatement (Second) of Contracts § 19(2). Based upon the information presently before the court, no reasonable factfinder could conclude that Wells Fargo had "reason to know that" the plaintiffs might "infer from [its] conduct" that it assented to their "offer."

The letter Wells Fargo sent to the plaintiffs did not state that it would demonstrate its acceptance by requesting a listing agreement. To the contrary, it stated that if the plaintiffs qualified for a short sale, Wells Fargo would "send [them] a Short Sale Agreement which will outline [their] next steps and obligations." Compl. Exh. B at 3 (document no. 3 at 16). The letter continued:

> We will start by providing to you the acceptable sale proceeds (the minimum amount that we must receive after sales costs) from the sale of your property. We will also identify the sales cost that may be deducted from the final sales price. You then list your property (like any home sale) with a local real estate broker.

Id. The letter therefore stated that if Wells Fargo agreed to a sale of the property--"accepting" the plaintiffs' "offer"[1]--it

---

[1] What is outlined in the letter does not actually seem to be a process by which Wells Fargo would accept the plaintiffs' "offer," but a process by which Wells Fargo would make a counter-offer (assuming, again, that plaintiffs actually made an offer in

3

would do several things. It would send a "Short Sale Agreement." It would tell the plaintiffs the "acceptable sale proceeds." It would "identify the sales costs that may be deducted from the final sales price." Plaintiffs do not allege that Wells Fargo did any of those things.

Where Wells Fargo clearly outlined the actions that it would take upon accepting the plaintiffs' "offer," and requesting a listing agreement was not among them, it is not reasonable to conclude that Wells Fargo had reason to know the plaintiffs would construe such a request as acceptance. The court is, however, reluctant to dispose of this action on these grounds without giving the plaintiffs an opportunity to identify any evidence they may have which demonstrates that Wells Fargo's request for a listing agreement did, in fact, constitute an acceptance of their "offer." Therefore, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the plaintiffs are ordered to show cause **on or before July 11, 2013** why summary judgment should not be entered for Wells Fargo on the grounds that no rational finder of fact could conclude that Wells Fargo accepted the plaintiffs'

---

the first place). Because the plaintiffs characterize Wells Fargo's subsequent conduct as an "acceptance," however, the court will indulge them and do the same.

"offer."[2] Any written memorandum accompanying the plaintiffs' filing shall not exceed ten (10) pages (exclusive of exhibits). Wells Fargo may submit a written response within fourteen (14) days of the plaintiffs' submission; that response also shall not exceed ten (10) pages (again, exclusive of exhibits).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 26, 2013

cc: Jeremey A. Miller, Esq.
    Samuel J. Donlon, Esq.
    Michael R. Stanley, Esq.

---

[2] The court anticipates that plaintiffs already have any information relevant to whether Wells Fargo's alleged acceptance of their offer in their possession or control, and that they will not need discovery on this issue. The court is nonetheless willing to entertain a motion for discovery under Rule 56(d).